UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TYREE YELLOW ELK,<br><br>　　　　　Defendant. | CR. 16-50091-JLV<br><br><br>ORDER |

**INTRODUCTION**

Defendant Tyree Yellow Elk, appearing *pro se*, filed a motion for compassionate release. (Docket 61). Pursuant to the May 1, 2020, Standing Order 20-06, the Federal Public Defender for the Districts of South Dakota and North Dakota ("FPD") and the United States Attorney for the District of South Dakota, and Mr. Yellow Elk filed records, submissions and briefing on Mr. Yellow Elk's motion. (Dockets 65, 66, & 68-70). For the reasons stated below, defendant's motion is denied.

**AMENDED STANDING ORDER 20-06**

Amended Standing Order 20-06,[1] captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(l)(A), in the wake of the spread of

---

[1] See https://www.sdd.uscourts.gov/socraa.

the COVID-19 virus into the federal prison system." (SO 20-06 at p. 1). By the amended standing order, the FPD and the United States Attorney for the District of South Dakota are "to place [the defendant] into one of four categories[.]" Id. ¶ 4. Those categories are:

    a.    High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § 1.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. . . .

    b.    Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.

    c.    Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.

    d.    Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

Id. The FPD and U.S. Attorney are to "immediately report the categorization . . . to the Clerk of Court and the Probation Office." Id.

## MR. YELLOW ELK'S CLASSIFICATION

On May 18, 2020, the FPD and the U.S. Attorney filed a notice designating Mr. Yellow Elk as a Low Priority Case. (Docket 62).

## FACTUAL BACKGROUND

Mr. Yellow Elk pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) on January 13, 2017. (Dockets 30 & 34). On May 8, 2017, Mr. Yellow Elk was sentenced to a term of imprisonment of

2

84 months followed by five years of supervised release. (Dockets 55 & 56 at pp. 2-3). By the presentence report ("PSR"), Mr. Yellow Elk's advisory guideline range was 188 to 235 months based on a total offense level of 33 and his criminal history category IV. (Docket 57 at p. 1). The court granted a substantial downward variance after considering Mr. Yellow Elk's youth, mental and emotional condition, non-violent offense, chemical dependency, and remorse, among other factors. Id. at 3.

Mr. Yellow Elk is currently an inmate at USP Terre Haute, a high security facility, in Terre Haute, Indiana. Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last checked Apr. 22, 2021). The total inmate population at USP Terre Haute is currently 1,193 persons. Id. https://www.bop.gov.locations/institutions/thp/ (last checked Apr. 22, 2021). As of April 22, 2021, there was one active COVID-19 case among inmates and two among staff. Id. (last checked Feb. 12, 2021). Two inmates died as a result of COVID-19 and 716 inmates and 19 staff have recovered from COVID-19 at USP Terre Haute. Id.

Mr. Yellow Elk has a scheduled release date of October 8, 2022. (Docket 65 at p. 51). To date, Mr. Yellow Elk has served approximately 57 months in custody and under his current status in the Bureau of Prisons ("BOP"), Mr. Yellow Elk's home detention eligibility date is April 8, 2022. Id. at pp. 51-52. Mr. Yellow Elk is 26 years old. See https://www.bop.gov/inmateloc/.

## MR. YELLOW ELK'S MOTION

Mr. Yellow Elk's *pro se* motion seeks compassionate release on the basis of extraordinary and compelling reasons in light of his incarceration during the COVID-19 pandemic. (Docket 61 at p. 1). Mr. Yellow Elk asserts the conditions of confinement at USP Terre Haute do not allow him to follow the infection prevention guidelines developed by the Centers for Disease Control and Prevention ("CDC"). Id. Mr. Yellow Elk requests compassionate release, and states he has a plan for housing and employment. Id. On June 2, 2020, the FPD docketed a notice of intent not to supplement Mr. Yellow Elk's *pro se* motion.

Mr. Yellow Elk did not identify any health conditions of concern to him but relies on the spread of the virus causing COVID-19 itself, the fact of his incarceration and inability to follow sanitary and social distancing guidelines. The court reviewed Mr. Yellow Elk's medical records and identified the following medical conditions:

- Vitamin D deficiency. (Docket 65 at p. 1);
- Other specified depressive disorder. Id.;
- Unspecified anxiety disorder. Id.; and
- Astigmatism. Id.

Mr. Yellow Elk takes venlafaxine for depression and anxiety and a vitamin D supplement. Id. at p. 6. He has rarely sought medical intervention and appears generally healthy based on the court's review of his records.

## UNITED STATES' OPPOSITION

The government opposes Mr. Yellow Elk's motion for compassionate release. (Docket 66). First, the government generally asserts that "[t]he existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not by itself . . . provide a basis for a sentence reduction." Id. at pp. 7-8. The government urges the court to recognize the significant measures taken by the BOP to address and control the transmission of the coronavirus through a lengthy and detailed six-phase action plan. Id. at pp. 8-10. Next, the government argues denial is warranted because Mr. Yellow Elk has not identified any medical conditions which put him at risk for serious illness from COVID-19. Id. at pp. 10-11.

Finally, the government argues the 18 U.S.C. § 3553(a) factors weigh against granting Mr. Yellow Elk compassionate release. Id. at p. 18. Mr. Yellow Elk's offense involved possession of child pornography and he received a substantial downward variance from the court at sentencing. The government argues "the very nature of the crime does not warrant an additional reduction." Id.

## ANALYSIS

Section 3582(c) permits the district court to consider a prisoner's request for compassionate release after he or she exhausts the administrative remedies mandated by the statute. 18 U.S.C. § 3582(c)(1)(A)(i). The government does

not dispute administrative exhaustion; accordingly, the court reviews the motion on the merits.

### **Extraordinary and Compelling Reasons**

"Section 3582(c)(1)(A)(i) does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release." United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). That task was left to the United States Sentencing Commission. See 28 U.S.C. § 994(t). Prior to the First Step Act, the Sentencing Commission established four categories for "extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." See id. Those categories generally focus on the defendant's age, medical condition, family situation and any other reasons the BOP deems to be extraordinary and compelling. U.S.S.G. § 1B1.13 comment. n.1. The four categories have not been updated since December 2018 when the First Step Act became law.[2]

This court previously surveyed the status of the law as to a court's authority under the First Step Act. E.g., United States v. Thunder Hawk, CR. 14-50008, 2021 WL 253456, at *5 (D.S.D. Jan. 26, 2021); United States v. Magnuson, CR. 15-50095, 2020 WL 7318109, at *4-5 (D.S.D. Dec. 11, 2020);

---

[2]The United States Sentencing Commission lacks a quorum and "currently has only two voting members, two short of the four it needs to amend the [U.S.S.G.]." United States v. Marks, 455 F. Supp. 3d 17, 24 (W.D.N.Y. 2020) (references omitted).

United States v. King, CR. 15-50050, 2020 WL 6146446, at *4-5 (D.S.D. Oct. 20, 2020). It is unnecessary to repeat that analysis here.

This court held it retains its independent authority "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release."[3] E.g., Magnuson, 2020 WL 7318109, at *5 (quoting United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020)); see also McCoy, 981 F.3d at 283 ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) ("In cases where incarcerated persons file motions for compassionate release, federal judges . . . have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."); and United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with the Second Circuit that the Guidelines Manual "does not curtail a district judge's discretion").

---

[3]The United States Court of Appeals for the Eighth Circuit had two clear opportunities to address this issue but declined to do so. United States v. Rodd, 966 F.3d 740 (8th Cir. July 16, 2020) and United States v. Loggins, Jr., 966 F.3d 891 (8th Cir. July 31, 2020).

7

The purpose of the First Step Act was to expand the availability of compassionate release based on judicial findings of extraordinary and compelling reasons without being restricted to those categories identified by the Sentencing Commission or the rationale used by the BOP before the passage of the First Step Act.  Despite the expanded authority under the First Step Act, the court finds Mr. Yellow Elk has not met his burden of proof by presenting "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i).

Mr. Yellow Elk relies on the conditions of his incarceration during the COVID-19 pandemic as extraordinary and compelling reasons warranting compassionate release.  (Dockets 61 at p. 1 & 68 at pp. 1-2).  Adults of any age are at increased risk of severe illness from COVID-19 if they have certain conditions.  Recently, the CDC updated its understanding of the health conditions increasing the risk from COVID-19.  See People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (updated Mar. 29, 2021).  The CDC now states individuals with the following conditions *can* be more likely to become severely ill from COVID-19: cancer, chronic kidney disease at any stage, chronic lung diseases (including moderate to severe asthma, chronic obstructive pulmonary disease ("COPD"), cystic fibrosis and pulmonary hypertension), dementia or other neurological conditions, diabetes (type 1 or type 2), heart conditions (such as heart failure, coronary artery disease,

8

cardiomyopathies or hypertension), HIV infection, immunocompromised state, liver disease, overweight and obesity, being a current or former smoker, history of stroke or cerebrovascular disease, substance abuse disorders and several others.  Id.  The CDC's guidance to clinicians explains: "[t]he risk of severe COVID-19 increases as the number of underlying medical conditions increases in an individual." https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated Mar. 29, 2021).

The court also recognizes the BOP's recent implementation of a COVID-19 vaccination program.  BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last checked Apr. 21, 2021).  As of April 21, 2021, 137,845 doses have been administered systemwide, and the number continues to rise. Id.  At USP Terra Haute, 270 staff and 840 inmates have been fully inoculated as of April 22, 2021.  Id.  According to the BOP, those inmates who wish to receive the vaccine will have an opportunity to do so, but

> [w]hen an institution receives an allocation of the vaccine, it is first offered to full-time staff at that location, given that staff - who come and go between the facility and the community - present a higher potential vector for COVID-19 transmission. Vaccinating staff protects fellow staff, inmates at the facility, and the community.

Id.

The court understands Mr. Yellow Elk's concern of being incarcerated during the COVID-19 pandemic.  Nevertheless, Mr. Yellow Elk does not have any medical health condition to support "extraordinary and compelling" reasons for compassionate release.

**3553(a) Factors**

Additionally, the court concludes the § 3553(a) factors do not support relief.  A detailed analysis of these factors is unnecessary.  Suffice it to say, the court granted a significant downward variance to Mr. Yellow Elk at sentencing.  That sentence was chosen with care to reflect the seriousness of his offense, provide appropriate punishment and to acknowledge his youth and addiction as contributing factors, among other reasons.  See Docket 57 at pp. 1-3.  An additional reduction is unwarranted.

**ORDER**

No good cause having been proven, it is

ORDERED that defendant's motion for compassionate release (Docket 61) is denied.

Dated April 22, 2021.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE